IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00715-BNB

ART PRICE,

Plaintiff,

v.

EXECUTIVE DIRECTOR OF THE COLORADO OF CORRECTIONS, and
WARDEN OF THE BUENA VISTA CORRECTIONAL COMPLEX,

Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Art Price, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Price has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Price is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Price will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint is deficient. First, Mr. Price fails to provide an address for each Defendant listed in the caption of the complaint. More importantly, it is not clear what specific claims for relief Mr. Price is asserting, and it is not clear how the named

Defendants are connected to the claims Mr. Price is asserting. As a result, the court finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Price fails to set forth a short and plain statement of his claims showing that he is entitled to relief because it is not clear whether he is claiming his rights were violated during the course of a prison disciplinary hearing, an administrative segregation hearing, or both. Mr. Price also fails to link the named Defendants to the claims he is asserting in this action. Personal participation is an essential allegation in a civil rights

2

action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Price must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held vicariously liable for the acts of his subordinates on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

For these reasons, Mr. Price will be ordered to file an amended complaint if he wishes to pursue his claims in this action. If Mr. Price fails to file an amended complaint that includes a clear and concise statement of his claims with the necessary factual detail as described in this order, the action will be dismissed. Mr. Price is advised that Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Furthermore, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Price file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Price, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Price fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED June 7, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00715-BNB

Art Price
Prisoner No. 66072
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/7/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk