IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00715-BNB

ART PRICE,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF THE COLORADO OF CORRECTIONS, and
WARDEN OF THE BUENA VISTA CORRECTIONAL COMPLEX,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Art Price, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Price initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On June 7, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Price to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 28, 2010, Mr. Price filed an amended Prisoner Complaint.

Mr. Price has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See ***Neitzke v.***

*Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint and the action as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Price is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Price claims in the amended complaint that he was denied due process and equal protection at both a prison disciplinary hearing and an administrative segregation hearing and that the conditions of confinement in administrative segregation subject him to cruel and unusual punishment in violation of the Eighth Amendment. He asserts these claims against the executive director of the DOC and the prison warden. The Court finds that Mr. Price's claims are legally frivolous because he fails to provide specific factual allegations that demonstrate the named Defendants personally participated in the asserted constitutional violations.

Magistrate Judge Boland specifically advised Mr. Price in the order directing him to file an amended complaint that, in order to state a claim in federal court, he must explain in the amended complaint "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal

right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Price that personal participation is an essential allegation in a civil rights action, *see* ***Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that, to establish personal participation, he must show that each Defendant caused the deprivation of a federal right. *See* ***Kentucky v. Graham***, 473 U.S. 159, 166 (1985). In other words, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See* ***Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See* ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Finally, Magistrate Judge Boland advised Mr. Price that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Despite these explicit directions, Mr. Price fails to assert facts that demonstrate either of the named Defendants personally participated in the alleged constitutional violations. Mr. Price makes no allegations that link the executive director of the DOC to the asserted due process, equal protection, and Eighth Amendment violations. Mr. Price does allege that various individuals at his disciplinary and administrative segregation hearings acted with the warden's support. However, Mr. Price's vague and conclusory allegation that individuals not named as Defendants acted with the support

of the warden of the Buena Vista facility are not sufficient to demonstrate that the warden personally participated in the asserted constitutional violations. "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Mr. Price fails to link the asserted constitutional violations with any actions taken or decisions made by the warden. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __12th__ day of __July__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00715-BNB

Art Price
Prisoner No. 66072
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/13/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk